UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
LISA VAN BUSKIRK          :     Case Number 2:15-cv-03025-MCA-JBC
      Plaintiff          :
                         :
      vs.                :     AMENDED CIVIL COMPLAINT
                         :
PREMIER RECOVERY         :
GROUP, INC.               :
      &            :
JOEY YOUNGER             :
      &            :
QUINTON M. SMITH, SR.    :
      Defendants          :     JURY TRIAL DEMANDED
_____:

## AMENDED COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Lisa Van Buskirk, by and through her undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Lisa Van Buskirk, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, as well relief from Invasion of Privacy by Intrusion Upon Seclusion.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

1

3.	Venue in this District is proper in that the Plaintiff resides in this District.

### III.  PARTIES

4.	Plaintiff, Lisa Van Buskirk, (hereafter, Plaintiff), is an adult natural person residing at 209 South Main Street, Hackensack, New Jersey 07601.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (3).

5.	Defendant, Premier Recovery Agency, (hereafter, Defendant, PRG) at all times relevant hereto, is and was a company engaged in the business of collecting debt within but not limited to the States of New Jersey and New York with a principal place of business located 191 North Street, Suite 8, Buffalo, New York 14201.

6.	Defendant, Joey M. Younger, (hereafter, Defendant, Younger) is and was the acting Chief Executive Officer (CEO) for the above referenced Defendant, Premier Recovery Agency, and he resides at 389 Parkside Avenue, Buffalo, New York 14216 or 801 Campbell Blvd., Buffalo, New York 14228.

7.	Defendant, Quinton M. Smith, Sr. (hereafter, Defendant Smith) is and was the president for the above referenced Defendant, Premier Recovery Agency, and he resides at 67 Hamlin Road, Buffalo, New York 14208.

8.	Defendants are engaged in the collection of debts from consumers using the telephone and mail.  Defendants, are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

9. Within the last twelve (12) months, Plaintiff has been receiving calls from Defendant, PRG, said to be collecting on an alleged debt for a past due payday loan taken from Cash Net.

10. On or about April 7, 2015, Plaintiff received a call from a male agent of Defendant, PRG, stating that he needed to speak with her in regards to a formal complaint that had been filed against her for the alleged debt referenced above.

11. Plaintiff asked for validation of the alleged debt, specifically wanting to know when the alleged loan was taken, and how much she is said to owe.

12. Defendant, PRG's male agent, could not tell the Plaintiff when the alleged loan was taken or how much she currently owed on the debt.

13. The male agent further declined to send the Plaintiff anything in writing to validate the alleged account, stating that he had sent her written information in the past.

14. The Plaintiff states that she has never received anything in writing from Defendant, PRG.

15. During this same call, The Defendant's agent warned the Plaintiff that if she failed to make immediate plans for payment on this alleged debt that the Defendants would go forward on their complaint against her.

16. Defendant, PRG, is managed and controlled by its Chief Executive Office, Defendant, Younger and its president, Defendant Smith, and any violations of the law are under the direct guidance and instruction of Defendants, Younger and Smith.

17. At no time during Defendant, PRG's contact has the Plaintiff been informed of her rights to dispute this alleged debt.

18. Plaintiff continues to receive daily calls from Defendant, PRG, warning her of her need to contact them right away in regards to the alleged claim against her despite their continued failure to validate the alleged account.

19. The Defendants acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

20. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, the Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

21. At all times pertinent hereto, the Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

22. At all times pertinent hereto, the conduct of the Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

*Plaintiff v. All Defendants*

23. The above paragraphs are hereby incorporated herein by reference.

24. At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | Character, amount or legal status of the alleged debt |
| §§ 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information, including the failure to communicate that the debt is disputed |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

5

| | |
|---|---|
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five days of their initial communication |
| §§ 1692g(a)(1): | Must state the amount of the debt |
| §§ 1692g(a)(3): | Must state the right to dispute within 30 days |
| §§ 1692g(b): | Collector must cease collection efforts until debt is validated |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

*Plaintiff v. All Defendants*

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

28. New Jersey further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated New Jersey state law.

29. The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

30. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

31. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

32. All acts of the Defendants were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to punitive damages.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

   a. Actual damages

   b. Statutory damages

   c. An award of reasonable attorney's fees and expenses and cost of suit; and

   d. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: May 14, 2015**

**BY: */s/ Brent F. Vullings***
Brent F. Vullings, Esquire
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff
bvullings@vullingslaw.com