<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA VAN BUSKIRK,<br><br>    *Plaintiff*,<br><br>    v.<br><br>PREMIUM RECOVERY GROUP, INC., et al.,<br><br>    *Defendants*. | Civil Action No. 15-3025<br><br>OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

This matter comes before the Court on Plaintiff Lisa Van Buskirk's ("Plaintiff") motion for final judgment by default against Defendant Joey Younger ("Younger") pursuant to Federal Rule of Civil Procedure 55(b). For the reasons set forth herein, the motion is **GRANTED**.

**I.    BACKGROUND**

This matter arises out of numerous phone calls regarding the collection of a debt. Defendant Premier Recovery Group ("PRG") is a New York company that engages in debt collection. Younger, a resident of New York, is PRG's Chief Executive Officer. Defendant Quinton M. Smith, Sr. is its President.

Plaintiff alleges that over the past twelve months PRG's agents have made a number of calls to Plaintiff at her New Jersey home about a past due payday loan. In one particular conversation, a PRG agent called Plaintiff, stating that they needed to discuss the complaint filed against Plaintiff regarding the loan. Plaintiff asked for validation of the debt, including when the loan was taken and the outstanding balance. The agent, however, did not answer Plaintiff's

1

questions and declined to send any information in writing.  Prior to the call, Plaintiff had not received any information in writing from PRG.  The PRG agent informed Plaintiff that PRG would proceed on their complaint if she failed to make immediate plans for payment.

Plaintiff continues to receive daily calls from PRG about the debt.  PRG has never informed Plaintiff of her right to dispute the debt.

Plaintiff filed a two count Amended Complaint on May 15, 2015, seeking monetary damages and attorney's fees.  Count 1 asserts violations of several sections of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.  Count 2 asserts a claim for invasion of privacy by intrusion upon seclusion.  Defendant Younger was served with a summons and copy of the Amended Complaint on June 15, 2015.  Proof of Service, Dkt. No. 5.  The time to answer or otherwise move as to the Amended Complaint has expired.  The Clerk entered default against Younger on July 17, 2015.[1]  On July 29th, Plaintiff filed the instant motion for default judgment against Younger.  To date, Younger has not filed any opposition to the motion.

## II.    STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008).    Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages.  See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36

---

[1] Plaintiff did not request default against Defendants PRG or Smith.  See Request for Default, Dkt. No. 6.

(D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III. ANALYSIS

#### A. Jurisdiction & Service

The Court concludes it has both subject matter jurisdiction over this dispute and personal jurisdiction over the Defendant. First, the Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

The Court also has personal jurisdiction over Younger. "A federal court sitting in New Jersey has jurisdiction over the parties to the extent provided under New Jersey state law, and New Jersey law provides for personal jurisdiction coextensive with that allowed by the United States Constitution." FlagHouse, Inc. v. ProSource Dev., Inc., 528 F. App'x 186, 188-89 (3d Cir. 2013). In the corporate officer context, jurisdiction over a corporation does not automatically give rise to jurisdiction over an employee. Id. (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781 n.13 (1984)). The officer must have sufficient contacts with the forum state such that he can be subject to personal jurisdiction there. Id. Here, Younger made sufficient contact with New Jersey because he supervised the PRG agents and directed them to make the debt collection calls to

3

Plaintiff in New Jersey. See Compl. ¶¶ 16, 21; Cerciello v. Canale, 563 F. App'x 924, 927 (3d Cir. 2014) (specific jurisdiction requires that defendant "purposefully directed his activities" at the forum). The litigation arises from the calls that he directed, and the exercise of jurisdiction in this case comports with fair play and substantial justice.

Additionally, Plaintiff has provided the Court with proof of service on Younger's wife at Younger's home. See Proof of Service, Dkt. No. 5.

### B. Liability

The Court concludes that Plaintiff has pled an FDCPA claim against Younger as Plaintiff has pled that Younger controlled and directed the PRG agents, those agents called Plaintiff "daily" for a year seeking to collect a debt while refusing to give any information on debt validation or balance, and the agents threatened litigation unless Plaintiff paid the debt. See 15 U.S.C. § 1692d(5) (prohibiting debt collector's use of telephone conversations repeatedly "with intent to annoy, abuse, or harass any person at the called number"); see also Corson v. Accounts Receivable Mgmt., Inc., No. 13-01903, 2013 WL 4047577, at *6 (D.N.J. Aug. 9, 2013) (finding actionable § 1692d(5) claim where collector called plaintiff every day for two months).

The Court makes no finding as to Plaintiff's invasion of privacy claim because she does not address the claim in her motion for default judgment.

### C. Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, Younger does not have a meritorious defense. See Ramada, 2012 WL 924385, at *5. Second, the Court

4

finds that Plaintiff will suffer prejudice absent entry of default judgment as Plaintiff will have no other means of obtaining relief. Finally, the Court finds the Younger acted culpably as he has been served with the Complaint, is not an infant or otherwise incompetent, and is not presently engaged in military service. See Vullings Decl. ¶¶ 8-9, Dkt. No. 9; Super 8, 2014 WL 4388697, at *2; see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

Plaintiff first seeks $1,000.00 in statutory damages under FDCPA. Section 1692k provides that the court may grant statutory damages to an individual in an amount not to exceed $1,000. 15 U.S.C. § 1692k. "Whether statutory damages should be granted, and if so, whether the full amount of $1,000 should be allowed, is committed to the discretion of the court." Manopla v. Bryant, Hodge & Assocs., LLC, No. 13-338, 2014 WL 793555, at *6 (D.N.J. Feb. 26, 2014). The Court finds it reasonable to grant statutory damages in the amount of $1,000.00. See Meth v. ARM WNY, LLC, No. 14-1613, 2015 WL 1021287, at *2 (D.N.J. Mar. 9, 2015) (granting same),

Lastly, Plaintiff's counsel seeks $7,267.50 in attorney's fees and $590.00 in costs. Pursuant to § 1692k(a)(3), a court may award "costs of the action" and "reasonable attorney's fees . . . in the case of any successful action to enforce the [FDCPA]." 15 U.S.C. § 1692k(a)(3). In awarding fees under the FDCPA, the "court should determine what constitutes a reasonable fee in accordance with the substantial Supreme Court precedent pertaining to the calculation of reasonable attorney's fees." Graziano v. Harrison, 950 F.2d 107, 114 (3d Cir.1991). Here, Plaintiff's motion, billable hours exhibit, and supporting sworn declaration detail the attorney's fees and costs. See Exs. 6 and 7 to Mtn. for Default Judgment, Dkt No. 7-9. The exhibit contains

5

an hourly rate of $450, costs, hours worked, description of services rendered, and reasonable rates for an attorney based on years of experience. Further, a line-by-line review of the counsel's billing statement shows that the attorney spent 17.10 hours on the case, including legal research, client contact, drafting an original and amended complaint, and filing a motion for default judgment. The $590.00 in costs were accrued from the complaint filing fee and fees for service on Younger. As such, the Court finds that it is reasonable to award Plaintiff $7,267.50 in attorney's fees and $590.00 in costs.

Based upon the foregoing, judgment shall be entered against the Defendant Younger for: (1) $1,000.00 in statutory damages; (2) $7,267.50 in attorney's fees; and (3) $590.00 in costs.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for final judgment by default against Defendant Joey Younger is **GRANTED.** An appropriate Form of Order accompanies this Opinion.

**Dated: February 29, 2016**

>*/s Madeline Cox Arleo*
>**MADELINE COX ARLEO**
>**United States District Judge**